# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| CANDACE MCDONALD ALLEN, individually and on behalf of all others similarly situated, c/o DannLaw PO Box 6031040 Cleveland, OH 44103<br><br>    Plaintiffs,<br><br>    -against-<br><br>PHOENIX FINANCIAL SERVICES, LLC c/o Corporation Service Company, Registered Agent 50 W. Broad St., Suite 1330 Columbus, OH 43215<br><br>    Defendant(s) | Case No. 1:19-cv-1846<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>CLASS ACTION COMPLAINT FOR DAMAGES<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff CANDACE MCDONALD ALLEN (hereinafter, "Plaintiff"), an Ohio resident, brings this class action complaint by and through the undersigned attorneys, against Defendant PHOENIX FINANCIAL SERVICES, LLC, ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Ohio consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the city of Elyria, County of Cuyahoga, State of Ohio is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its registered office located at 8902 Otis Avenue, Suite 103A, Indianapolis, Indiana 46216.

8. Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to June 3, 2019, an obligation was allegedly incurred to original creditor FAIRVIEW HOSPITAL.

12. The FAIRVIEW HOSPITAL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. The alleged FAIRVIEW HOSPITAL obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. FAIRVIEW HOSPITAL is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Some time prior to June 3, 2019, the FAIRVIEW HOSPITAL debt was assigned to or purchased by CP MEDICAL LLC.

16. Defendant contends that the CP MEDICAL LLC debt is past due.

17. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

18. On or about June 3, 2019, Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged CP MEDICAL LLC debt. *See* **Exhibit A.**

19. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

20. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

21. The Letter stated in part:

> "Our friendly and courteous staff want to help you resolve this account. We are able to offer a reduced payment of $205.01 to resolve this account."

22. Upon information and belief, the debt the Defendant is attempting to collect on is passed the applicable statute of limitations contained in ORC § 1303.16(A).

23. Defendant regularly sends collection letters with offers to "resolve" on debts which

3

the statute of limitations has expired.

24. Nothing in the collection letters disclose that the alleged debt was barred by the statute of limitation, nor give any indication of how old the debt is.

25. Upon reading the Letter, the Plaintiff believed, as would the unsophisticated debtor, that he had a legal obligation to pay the CP MEDICAL LLC debt as Defendant was offering to "resolve" the account.

26. The Letter falsely implies that the CP MEDICAL LLC debt is legally enforceable by making Plaintiff an offer to resolve her account.

27. It is the policy of the Defendant to send and cause the sending of letters, in the form attached hereto as **Exhibit A**, that seek to collect time-barred debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

28. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

29. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the

debt was time barred.

30. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

31. Several circuit courts have addressed this issue, including most recently the 11th Circuit in the matter of *Stephen Holzman, vs. Malcolm S. Gerald & Associates, Inc. and LVNV Funding, LLC*, Case No. 16-16511, where the panel unanimously agreed that sending a collection letter which makes an offer to "resolve" on a time barred debt, without disclosing that the debt is time-barred, may be "false, deceptive, or misleading" to the recipient of the letter in violation of §1692e of the FDCPA. In support, the 11th Circuit refers to recent decisions in the Third, Fifth, Sixth, and Seventh Circuits.

## **CLASS ALLEGATIONS**

32. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") defined as follows:

> All consumers in the United States who (1) have an address in the state of Ohio; (2) were sent a collection letter from Defendant attempting to collect a consumer debt owed to or allegedly owed to CP MEDICAL LLC that is passed the relevant statute of limitations pursuant to ORC § 1303.16(A)(1); (3) which makes an offer to "resolve" without disclosing that the debt was time barred pursuant to ORC § 1303.16(A)(1); and (4) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

33. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

34. Excluded from the Plaintiff Class are the Defendant and all officers, members,

partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e.

36. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

37. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is

whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

39. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in Paragrahs 1 through 40 above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

43. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

44. The Defendants violated said provision by:

- Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

- Making false threats to take action that cannot legally be taken in violation of 15 U.S.C. §1692e and 1692e(5);

- Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

45. By reason thereof, Defendant is liable to to the Plaintiff and Class for judgment

that their conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Candace Allen, individually on behalf of all of those similarly situated demands judgment against Defendant Phoenix Finanical Services LLC as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B. Designating Candace Allen as representative of the Class and her undersigned counsel as Class Counsel;

C. Entering Judgment in favor of the Plaintiff and the Class against Defendant Phoenix Financial Services LLC;

D. Awarding Plaintiff and the Class statutory damages for the allegations contained in Count One;

E. Awarding Plaintiff and the Class actual damages in an amount to be determined at trial for the allegations contained in Count One;

F. Awarding Plaintiff and the Class the costs of this Action including reasonable attorneys' fees and expenses for the allegations contained in Count One;

G. Awarding Plaintiff and the Class pre-judgment interest and post-judgment interest, as applicable; and

H. Granting all such further and other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Candace Allen, individually and on behalf of all others similarly situated, hereby requests a trial by jury on all

issues so triable.

                              Respectfully Submitted,

                              /s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
**DannLaw**
P.O. Box. 6031040
Cleveland, Ohio 44103
Office: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com


Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
**Pro Hac Vice Motion to Be Filed**

*Counsel for Plaintiff Candace Allen and the Putative Class*